## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Committee to Save the**
**Derry Rail Trail Tunnel and**
**Rails to Trails Conservancy**

      v.                                            Case No. 1:24-cv-262-PB-AJ

**Sean McMaster, et al.**[1]


## ORDER

This case involves a road construction project in Derry, New Hampshire that will cut through a segment of the Manchester and Lawrence Railroad Historic District. The Administrator of the Federal Highway Administration ("FHWA") and the Administrator of the FHWA's New Hampshire Division (collectively "Federal Defendants") have filed a motion asking me to vacate my order awarding summary judgment to the plaintiffs and enjoining the defendants from proceeding with the project until the defendants conduct the "least overall harm analysis" required by § 4(f) of the Department of Transportation Act. See Doc. 64.

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), the Administrator of the Federal Highway Administration is automatically substituted for former Administrator Shailen Bhatt. See Fed. R. Civ. P. 25(d).

The Federal Defendants argue that I should vacate my summary judgment ruling because I mistakenly determined that "FHWA is required to perform a 'least [overall] harm analysis' when it chooses to use a Programmatic Net Benefit Evaluation to comply with Section 4(f) of the Department of Transportation Act." Id. at 1 (citation modified).

I decline the Federal Defendants' request for three reasons. First, although the Federal Defendants now argue that they did not need to undertake a least overall harm analysis because they were proceeding under a § 4(f) Net Benefit Programmatic Evaluation, they argued throughout the litigation that they had, in fact, performed a least overall harm analysis. I resolved the case based on the arguments the parties presented and see no reason to relieve the Federal Defendants of the consequences of their litigation decisions.

Second, the Federal Defendants' argument that my ruling will mislead future litigants unless it is vacated fails to persuade because I never addressed the merits of their argument. Instead, as I explained in my summary judgment ruling, I rejected the Federal Defendants' argument on procedural grounds because it was untimely and insufficiently developed. See Doc. 53 at 30-32. Thus, the Federal Defendants need not fear that future litigants will be misled by the ruling unless it is vacated.

Finally, it is important to bear in mind that this case has settled and the Underpass Alternative will be included in the new road design regardless of whether my ruling remains in place or is vacated. See Doc. 61. Although a court has the power in extraordinary circumstances to vacate a ruling in a moot case, see e.g. Shelby v. Superformance Int'l., Inc., 435 F.3d 42, 46-47 (1st Cir. 2006), no such circumstances are present here.

The Federal Defendants' motion to vacate, doc. 64, is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 6, 2026

cc:    Counsel of Record

3